### BERT SMITH v. STATE.

No. A-3060.    Opinion Filed June 27, 1919.

(181 Pac. 942.)

Appeal from County Court, Garfield County; E. L. Swigert, Judge.

Bert Smith was convicted of a violation of the prohibitory liquor law, and he appeals. Affirmed.

L. C. McLean and E. C. Patton, for plaintiff in error.

S. P. Freeling, Atty. Gen., and R. McMillan, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Garfield county, wherein defendant, Bert Smith, whose full name is John B. Smith, was convicted of the crime of unlawfully conveying intoxicating liquor, and his punishment fixed at a fine of $200 and imprisonment in the county jail for 60 days. The evidence discloses that the defendant was caught in the act of conveying three barrels of bottled beer on the public streets of the city of Enid very early in the morning in the latter part of the month of March, 1917.

Defendant, being caught with the goods, was compelled to admit that he was conveying beer, but contended that the three barrels belonged to three different individuals of the respective names of Gordon, Thompson, and Allen, and that he (defendant) was merely taking those shipments from the Rock Island depot for said parties as a drayman or transfer man, that said barrels of beer constituted a part of an interstate shipment of intoxicating liquors into that part of the state formerly Oklahoma Territory, and that the consignees had the right to have same conveyed from the depot to their respective residences or places of business, as held by this court in Gastineau v. State, 7 Okla. Cr. 512, 124 Pac. 464, and other cases to the same effect.

The facts testified to by the defendant do not place him within the protection of the opinions of this court in the cases relied upon. The evidence does not disclose or even create a reasonable doubt that defendant was transporting this beer to either the residence or place of business of either of the parties who were alleged to be the consignees.

If said parties were not fictitious, they were at least nonresidents of the city of Enid, and were total strangers to the defendant prior to the time he contends this conveyance was being made for them. They had no residence or place of business to which defendant could convey these barrels of beer in the city of Enid. None of them ever made an appearance, either to claim their beer, which, if defendant is to be believed, it was lawful for them to have conveyed, or as witnesses in behalf of defendant at the trial.

A continuance was asked for on account of the absence of these witnesses, and the application was properly overruled, because no diligence was used to obtain their attendance, and the application shows that there was no likelihood of ever obtaining their attendance or taking their depositions, as the whereabouts of each said party was unknown to the defendant personally. Applications for continuance are addressed to the sound discretion of the trial court. No abuse of discretion is shown in overruling the motion in this case.

The introduction of the certified copy of the United States internal revenue collector's register of taxpayers for liquor dealers in the city of Enid, showing that John B. Smith had paid both a retail and wholesale liquor dealer's tax, was proper. It tended to rebut the testimony of defendant that he was conveying this large amount of beer for other parties.

The contention that there was no evidence to connect the defendant with the payment of these taxes is untenable. The tax was paid in the name of "John B. Smith." Defendant testified his true name was

"John B. Smith." That was sufficient identity of party paying the tax with the defendant to authorize the evidence to be admitted.

Other alleged errors are without merit. Under defendant's testimony, he is guilty of unlawfully conveying intoxicating liquors; especially is the evidence convincing of this fact as to the two barrels of beer alleged to have been consigned to Gordon and Thompson, and which defendant only contends he was taking from one depot to another, and intended to leave them on the depot platform at the Frisco depot. There is no contention on his part that these shipments were being conveyed by him to either the residence or place of business of r"her Gordon or Thompson.

The conviction in this case is just, and the judgment is affirmed.